

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar of Vital Statistics
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-1684
Re: Does either the State Reg-
istrar, the State Health Of-
ficer, or the State Board of
Health have authority to add
to the birth or death certif-
icates any additional items?

We are in receipt of your request for an opinion
upon the following questions:

"Please advise me if either the State Reg-
istrar, the State Health Officer, or the State
Board of Health has the authority to add to the
birth or death certificate any additional items.
If so, could the State Registrar force the med-
ical attendant in case of birth or the person
who buries the body in case of death to supply
the information called for in these additional
items.

"In the same Article, we find that Rule
39a requires that a birth and also a death cer-
tificate shall be filed for a stillborn child
and that 'separate certificates of both the
birth and the death shall be filed.' Would
this language require these certificates to be
printed on separate pieces of paper, or would a
stillbirth certificate including a certificate of
birth and a certificate of death signed by the
undertaker, or person who buried the body, and
the medical attendant who attended the birth,
and calling for all the information set out in
Rule 40a and Rule 47a comply with the require-
ments of Rule 39a?"

Rule 40a of Article 4477, Vernon's Annotated Civil Statutes, provides that a certificate of death contain some twenty-one items "necessary for the legal, social, and sanitary purposes subserved by registration records." They are enumerated in the section.

Rule 47a of the same article lists some twenty-four items of information which the certificate of birth shall contain.

Article 781a, Vernon's Annotated Criminal Statutes, provides, among other things, in respect to a violation of provisions as to vital statistics:

"That any person, who for himself or as an officer, agent, or employee of any other person or of any corporation or partnership . . . (d) being required by this Act to fill out a certificcate of birth or death and file the same with the local registrar, or deliver it, upon request, to any person charged with the duty of filing the same, shall fail, neglect, or refuse to perform such duty in the manner required by this Act . . . shall be deemed guilty of a misdemeanor and upon conviction thereof shall for the first offense be fined not less than five dollars ($5.00) nor more than fifty dollars ($50.00), and for each subsequent offense not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00), or be imprisoned in the county jail not more than sixty days, or be both fined and imprisoned."

Article 781a, as quoted above, would apply to any person required to fill out a death or birth certificate under Rules 40a and 47a, Article 4477, Vernon's Annotated Civil Statutes.

Article 4477, supra, relating to vital statistics, is a legislative exercise of the state's police power enacted in the interest of the public health. The Legislature has "deemed necessary" and enumerated certain items of information which every birth and death certificate should contain. The violation of these statutory provisions relating to birth and death certificates is punishable by fine and imprisonment. Article 781a, Vernon's Annotated Criminal Statutes.

The authority of the State Health Officer, the State Department of Health, and the State Registrar is set out in Rules 34a and 35b and other rules, of Article 4477, supra, and it does not include the power to add additional items to the birth or death certificates. In the absence of an express delegation of this authority to them by the Legislature, the State Board of Health, the State Health Officer, and the State Registrar, do not possess it. They can only administer the law, and are without legislative power to augment or add to the requirement of the law. Furthermore, since violation of the law is a misdemeanor, punishable by fine and imprisonment, the law must be strictly construed and only the exact provisions of the law itself are enforceable.

It is our opinion and you are so advised, that the State Health Department, the State Health Officer, and the State Registrar have no authority express or implied to add to the items required of death or birth certificates under Sections 40a and 47a, and Article 4477, Vernon's Annotated Civil Statutes, and consequently may not force the medical attendant in case of birth or the person who buried the body in case of death to supply the information called for in additional items.

Turning to your third question, we wish to quote the first sentence of Rule 39a of Article 4477, supra:

"That a stillborn child be registered as a birth and also as a death, and separate certificates of both the birth and the death shall be filed with the local registrar, in the usual form and manner, the certificate of birth to contain in place of the name of the child, the word 'stillbirth', etc."

We must assume that the Legislature in using the word "separate" as an adjective employed it in its ordinary and accepted meaning, that is, in the case of things that have not been connected as "unconnected", "not united or associated", or "distinct."

Since the word "separate" customarily suggests "unconnected" and "distinct" objects or things, in using it in respect to "certificate of both the birth and the death", we feel that the Legislature had separate pieces of paper as well as separate forms in mind. "Separate" certificates are equivalent to "unconnected" or "distinct" certificates which could only mean different sheets of

Honorable W. A. Davis, Page 4

paper for the two forms.

It is our opinion that the requirement of Rule 39a of Article 4477, Vernon's Annotated Civil Statutes, that "separate certificates of both the birth and the death" of a stillborn child be filed with the local registrar means separate sheets of paper for separate forms instead of one sheet of paper designated "stillbirth certificate" and containing two forms, one for birth and one for death.

Trusting that we have fully answered your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:LM

APPROVED DEC 4, 1939

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN

WJF